FILED
8/13/2021 1:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009668
14430599

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JASON HAYNES, | ) |
| Plaintiff, | ) |
| v. | ) Court No.: 20-L-9668 |
| CITY OF CHICAGO., | ) |
| P.O. GAMMONLEY #15808, | ) |
| SGT. PIECHOCKI, | ) |
| P.O. GAINER #5232 | ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, JASON HAYNES, by and through his attorney, BRIAN OROZCO, THE LAW OFFICE OF CN NORRIS, LLC, and complaining of Defendants CITY OF CHICAGO, a Municipal Corporation, and police officers P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232, and states as follows:

1. Plaintiff Jason Haynes is a community activist and lifelong resident of the City of Chicago.

2. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case operated, managed, controlled, and/or maintained the Chicago Police Department and its agent/employee Chicago Police Officers.

3. At all relevant times the Defendants, P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232, were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

Exhibit A (Page 2 of 7)

4. On June 1, 2018, Plaintiff was working with other community activists to perform trash removal and clean the neighborhood around 103rd and Peoria in Chicago.

5. Plaintiff was driving a truck that belonged to the community activist Vaida Elam, who was the organizer of the trash removal program.

6. Plaintiff drove the truck to get another worker to help Plaintiff remove a large item that was in an alley. As Plaintiff left the alley Plaintiff was pulled over by Defendant SGT. PIECHOCKI #1349.

7. Plaintiff informed Defendant SGT. PIECHOCKI #1349 that he was a community activist going to pick up another worker to clean an alley.

8. Plaintiff also informed Defendant SGT. PIECHOCKI #1349 that the vehicle his was driving belonged his boss, Vaida Elam, who was the organizer of the community cleanup and that she was also nearby cleaning.

9. Defendant SGT. PIECHOCKI #1349 had the dispatcher run the license plate of the vehicle that Plaintiff was driving.

10. The dispatcher informed Defendant SGT. PIECHOCKI #1349 that the vehicle was registered to Vaida Elam.

11. The dispatcher also informed Defendant SGT. PIECHOCKI #1349 that the vehicle's owner, Viada Elam, was a concealed carry permit holder.

12. Defendant SGT. PIECHOCKI #1349 called several officers to the scene to arrest Plaintiff.

13. Plaintiff was taken into custody by Chicago Police officers and transported to the police station.

14. Defendant SGT. PIECHOCKI #1349 and the Other Chicago Police Officers that responded to the scene of Plaintiff's traffic stop proceeded to look for a handgun in the vehicle and Defendant P.O. GAMMONLEY #15808 located a weapon hidden the vehicle.

15. That handgun was registered to Viada Elam. Plaintiff did not know that vehicle contained the handgun.

16. Viada Elam saw that the Plaintiff had been arrested and taken to the police station and immediately went to the station and spoke to Defendant SGT. PIECHOCKI #1349 and other Chicago Police Officers. She informed them that her handgun was in the vehicle, she was a lawful concealed carry permit holder and she had all the documentation to prove it. Viada Elam also told the Chicago Police Officers that Plaintiff was not the owner of the weapon nor did he know that the weapon was in the vehicle when she allowed him to drive the vehicle to do community trash removal in the neighborhood.

17. Defendant SGT. PIECHOCKI #1349 and other Chicago Police Officers disregarded Viada Elam and the fact that she was the lawful owner of the handgun and Defendant P.O. GAINER #5232 filed a criminal complaint against the Plaintiff and charged him with knowingly possessing a firearm.

18. Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 and other Chicago Police officers disregarded evidence and knowingly falsified documents and reports stating that Plaintiff possessed a handgun when they knew that he did not and they told immediately after placing Plaintiff into custody by the lawful and registered owner of the weapon that she hid the gun in the vehicle and did not inform Plaintiff that it was in the vehicle.

19. Plaintiff was in custody at Cook County Jail from June 1, 2018 to approximately June 6, 2018 in Cook County Jail before being released on electronic monitoring.

20. After the Cook County State's Attorney Office learned that the weapon that the Chicago Police Officers arrested Plaintiff for knowingly possessing belonged to Viada Elam and Plaintiff did not in fact possess it, all charges were dropped against Plaintiff and his criminal case was dismissed on September 26, 2019 in a manner indicative of innocence.

**Legal Claims**

**COUNT I**
**MALICIOUS PROSECUTION**

21. Each of the foregoing paragraphs is incorporated as if fully restated herein.

22. Defendant CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

23. Defendant CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause and placed false weapons charges upon Plaintiff.

24. The actions undertaken by the Defendant CITY OF CHICAGO, through its agents and employees, were willful and wanton.

25. On September 26, 2019, the criminal charges against Plaintiff were terminated in his favor in a manner indicative of innocence.

26. As a result of Defendant CITY OF CHICAGO'S, through its agents and employees, misconduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount in excess of $50,000.

**COUNT II – 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION**

1-27. Each of the foregoing paragraphs is incorporated as if fully restated herein.

28. Subsequent to Plaintiff's arrest, Defendant SGT. PIECHOCKI #1349 testified at a grand jury to support the false criminal charges initiated by Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 against the Plaintiff: that he was illegally in possession of a gun.

29. Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 knew these charges to be false.

30. Due to the false allegations of Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 as well as the knowingly false testimony of Defendant SGT. PIECHOCKI #1349, the false criminal charges against the Plaintiff were approved by the grand jury and he continued to be detained at Cook County Jail without probable cause.

31. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

32. As outlined above, Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 caused Plaintiff to be detained without probable cause from May 19, 2019 to July 1, 2020 in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

33. The misconduct of Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 as outlined above proximately caused injury to Plaintiff JASON HAYNES, including but not limited to, emotional pain and suffering, lost wages, attorney's fees, and commissary money.

WHEREFORE the Plaintiff, JASON HAYNES, prays for judgment against Defendants, P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT III – 42 U.S.C. § 1983 CONSPIRACY

1-33. Each of the foregoing paragraphs is incorporated as if fully restated herein.

34. As described more fully above, Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs by causing him to be detained without probable cause.

35. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

36. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

37. As a direct and proximate consequence of Defendants P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232'S conduct, Plaintiff suffered damages.

WHEREFORE the Plaintiff, JASON HAYNES, prays for judgment against Defendants, P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232 for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT IV – INDEMNIFICATION – CITY OF CHICAGO

1-37. Each of the foregoing paragraphs is incorporated as if fully restated herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The Defendants, P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and

P.O. GAINER #5232, were/are employees of THE CITY OF CHICAGO, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendants, P.O. GAMMONLEY #15808, SGT. PIECHOCKI #1349, and P.O. GAINER #5232, be found liable for any of the acts alleged above, would be liable to pay the Plaintiff LILJOE HARRISON any judgment obtained against said officers.

**JURY DEMAND**

The Plaintiff, JASON HAYNES, hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
One of Plaintiffs' Attorneys
The Law Office of CN Norris, LLC
900 West Jackson Blvd., Suite 7E
Chicago, Illinois, 60607