## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JASON HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 4643 |
| | ) | |
| CITY OF CHICAGO, P.O GAMMONLEY | ) | Judge Charles P. Kocoras |
| #15808, SGT. PIECHOCKI, and P.O. | ) | |
| GAINER #5232 | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants City of Chicago, Zachery Gammonley, John Piechocki, and Ryan Gainer's (collectively, "Defendants") Motion to Dismiss Plaintiff Jason Haynes' Second Amended Complaint ("Complaint"). For the following reasons, the Court grants Defendants' Motion in part.

## <u>STATEMENT</u>

For the purposes of this Motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Haynes' favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Haynes, a community activist, brings this action against Chicago Police Department Officers Gammonley and Gainer, Sergeant Piechocki (collectively,

"Officers"), and the City of Chicago (the "City") for violations of his civil rights under 42 U.S.C. § 1983. Haynes specifically challenges the constitutionality of his detainment and criminal prosecution, which took place in 2018.

On June 1, 2018, Haynes was driving a vehicle belonging to fellow community activist Viada Elam through an alley while performing trash removal in his neighborhood. Haynes was pulled over by Piechocki after he pulled out of the alley. Haynes informed Piechocki that he was driving to pick up another worker to help remove a large item and the vehicle belonged to Elam. Piechocki confirmed with dispatch that the car belonged to Elam, and also learned Elam holds a concealed carry permit. Officers Gainer and Gammonley arrived shortly thereafter to assist Piechocki.

Haynes was taken into custody and the vehicle was subsequently searched by the Officers. At this point, Elam, who was not in the vehicle, approached Piechocki and informed him that her handgun was in the vehicle, and she had documentation to prove she legally owned the gun. Despite this alleged knowledge, the Officers filed criminal charges against Haynes for knowingly possessing a firearm. Haynes was placed into custody on June 1, 2018, and released on a recognizance bond requiring electronic monitoring on June 6, 2018. After learning Elam owned the gun, the Cook County State's Attorney's Office dismissed all criminal charges against Haynes on September 26, 2019.

Based on these events, Haynes alleges: state-law malicious prosecution against the Officers and indemnification against the City, and federal claims of unlawful pretrial detention and conspiracy against the Officers under Section 1983. Defendants now move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Before addressing the merits of the Motion, we must address an evidentiary issue. In support of their Motion, Defendants attach evidence, including the Officers' report and bodycam footage. The Court's review on a 12(b)(6) motion is typically limited to the allegations in the Complaint, but the Court may also consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Defendants argue Haynes incorporated the Officers' report by reference. And because the bodycam footage is referenced in the report, Defendants argue, we may consider that as well.

We agree that we may consider the Officers' report. The Complaint alleges the Officers "disregarded evidence and knowingly falsified documents and reports stating that Plaintiff possessed a handgun when they knew that he did not." Dkt. # 8, ¶ 18. Thus, the report is referred to in the Complaint and central to Haynes' claims. However, consideration of the bodycam footage at this stage is a step too far. While it is mentioned in the report, the bodycam footage is not mentioned in the Complaint. Therefore, consideration of the bodycam footage, even if it may paint a different picture than the Complaint, goes against the well-established standards of review for a motion to dismiss under Rule 12(b)(6).[1]

---

[1] This is not to say a complaint clearly contradicted by bodycam footage can never be disposed of at an early stage. Rules 12(c) and 56 allow for consideration of evidence outside the complaint and are the procedurally appropriate manner for disposing of such a complaint.

Moving to the merits, Defendants argue Haynes' Section 1983 claims for unlawful pretrial detention and conspiracy must be dismissed because of the existence of probable cause.  We agree.

Like an arrest, a pretrial detention constitutes a Fourth Amendment "seizure" and "is justified only on probable cause to believe that the detainee has committed a crime." *Young v. City of Chi.*, 987 F.3d 641, 644 (7th Cir. 2021) (quoting *Lewis v. City of Chi.*, 914 F.3d 472, 477 (7th Cir. 2019)).  "[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) (cleaned up).  "Probable cause is assessed objectively" based on the information known to the arresting officers and the conclusions that might reasonably be drawn from that information.  *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007).  "In making that assessment, the court must consider the facts as they reasonably appeared to the arresting officer, seeing what he saw, hearing what he heard, and so forth." *Id.*  The existence of probable cause defeats an unlawful detention claim. *Id.* at 679–80.  Notably, "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause."  *Id.* at 682 (emphasis in original).

Here, according to the Officers' report, Haynes was pulled over for failing to stop at a stop sign.  After a short pursuit, Haynes pulled over, Piechocki approached the

vehicle and immediately smelled "an odor of fresh cannabis." Dkt. # 14-1, p. 3. Piechocki requested a driver's license, but Haynes failed to produce one and became irate. Dispatch informed Piechocki that Haynes' driver's license was revoked. After learning of this, Haynes was placed into custody. A subsequent custodial and inventory search of the car revealed Elam's gun and a "hand rolled cigar containing a green leafy substance." *Id.*

Thus, the Officers' report establishes that Haynes was arrested for driving with a suspended license, which Haynes does not contest. Therefore, based on these facts, the Officers unquestionably had probable cause to arrest and detain Haynes for driving on a suspended license, defeating his unlawful pretrial detention claim. Because there is no underlying constitutional violation, Haynes' Section 1983 conspiracy claim fails as well.

Accordingly, the Motion is granted as to Haynes' federal claims. Since we dismiss the federal claims because of the existence of probable cause, we do not address Defendants' statute of limitations or qualified immunity arguments.

Having dismissed the federal claims, all that remain are Haynes' state law malicious prosecution and indemnification claims. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir.2010). However, we may dispose

6

of a state claim on the merits "when it is absolutely clear how the [state law] claims can be decided." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). Here, while probable cause for driving with a suspended license defeats Haynes' unlawful detention claim, it does not defeat his malicious prosecution claim. *See Holmes*, 511 F.3d at 682 ("probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking"). Thus, it is not "absolutely clear" how the claims must be decided and the Court, in its discretion, declines to exercise jurisdiction over Haynes' state law claims. 28 U.S.C. § 1367(c)(3); *RWJ Mgmt.*, 672 F.3d at 478 ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims."). Accordingly, those claims are remanded to the Circuit Court of Cook County.

## CONCLUSION

For the reasons stated above, the Court grants-in-part Defendants' Motion to Dismiss (Dkt. # 14). Haynes' federal claims are dismissed with prejudice. The state law claims are remanded to the Circuit Court of Cook County. Defendants' Motion to Stay (Dkt # 31) is denied as moot. Civil case terminated. It is so ordered.

Dated: 04/05/2022

Charles P. Kocoras
United States District Judge

7